### Donald C. HARTMAN, Plaintiff,

v.

### HOOK–SUPERX INC. d/b/a Revco, Defendant.

### No. IP 97–306 C-B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 30, 1999.

"arguably casts some doubt on the continued viability of RFRA" while declining to address

Kevin Betz, Indianapolis, Indiana, for plaintiff.

Thomas E. Deer, Locke Reynolds Boyd & .Weisell, Indianapolis, Indiana, for defendant.

## ENTRY

BARKER, Chief Judge.

On February 24, 1997, Plaintiff, Donald Hartman (Hartman), filed this Title VII action against Defendant, Hook–Superx Inc. d/b/a Revco (Revco), alleging that he was terminated in retaliation for reporting alleged sexual harassment by another male employee against two female employees. On May 9, 1997, counsel for both parties allegedly reached a settlement agreement which purported to bind their clients. Plaintiff, however, claims that the agreement is void because his attorney at the time, Charles Carlock (Carlock), did not have authority to enter into the agreement on Hartman's behalf. Before us now is Revco's motion to enforce the May 9 settlement agreement. Plaintiff responds with a request for an evidentiary hearing, but based on the evidence before us, we are not convinced such a hearing is neces-

the issue).

sary in order to resolve this matter. As discussed more fully below, the burden of proof is on the Plaintiff to prove his attorney lacked authority to bind him to the May 9 settlement, and we doubt Plaintiff can meet this burden if he continues to restrict discovery of his communications with Carlock.

Plaintiff seems to be operating under the mistaken assumption that Revco has the burden of proof regarding Carlock's authority to bind Hartman to the settlement agreement. That is not the law. The validity of the settlement agreement in this case is governed by federal law. *See Pierce v. Atchison, Topeka and Santa Fe Railway Co.*, 65 F.3d 562, 570–71 (7th Cir.1995). Because of the unique nature of the attorney-client relationship, and consistent with the public policy favoring settlements, federal law presumes that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, has authority to do so. *See, e.g., Anderson v. Flexel*, 47 F.3d 243, 249 (7th Cir.1995) ("we [ ] recognize the existence of the longstanding legal presumption that an attorney has the authority to act on behalf of the person he represents."); *Greater Kansas City Laborers Pension Fund v. Paramount Indus.*, 829 F.2d 644, 646 (8th Cir.1987) (holding that burden of proof is on party challenging attorney-of-record's authority to settle case); *Edwards v. Born, Inc.*, 792 F.2d 387, 390 (3d Cir. 1986) (same); *Mid–South Towing v. Har-Win, Inc.*, 733 F.2d 386, 392 (5th Cir.1984) (same). "In accordance with that presumption, any party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving by affirmative evidence that the attorney lacked authority." *In re Artha Management, Inc.*, 91 F.3d 326, 329 (2nd Cir.1996).[1]

Thus far, Plaintiff simply asserts that Carlock lacked authority to enter into the settlement agreement, without providing affirmative evidence to support that claim. Such proof would almost certainly include the communications between Hartman and Carlock. As alluded to earlier, however, Hartman has frustrated all attempts to discover the communications between Hartman and Carlock by invoking the attorney-client privilege. By refusing to waive the attorney-client privilege regarding those communications and thus not permitting the development of evidence of such communications, we seriously doubt that Plaintiff can rebut the presumption that Carlock had authority to bind Hartman to the May 9 settlement agreement.

Accordingly, Plaintiff is directed to advise this Court *within seven (7) days* from the date of this Entry whether he intends to continue to invoke the attorney-client privilege regarding his communications with Carlock, as related to this case. A continued invocation of the privilege will prompt a ruling to enforce the settlement, for the reasons explicated above. A failure to respond to this directive within the allotted time will yield a similar result. If Plaintiff chooses to waive the attorney-client privilege at this late date, he should also *show cause* why the fees incurred by Defendant in seeking the enforcement of the settlement should not be borne by Plaintiff and/or his counsel.

---

1. Plaintiff urges us to "deny attempts by defendants to enforce alleged settlements unless it is overwhelmingly apparent that *both* parties, including the clients, have indeed settled the disputes." (Plaintiff's Supplemental Sur-Reply at 3) (emphasis in original). In support of his position, Plaintiff refers to comments allegedly made during a continuing legal education lecture by another judge in this district. Such a reference is highly inappropriate and bears no authoritative, substantive weight. Like a judge's informal lunch time musings, comments made during a CLE lecture do not constitute citable material.